IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

REBECCA TRINIDAD,
Plaintiff,

v.

ANTHROPIC, PBC,
Defendant.

Case No. 25-cv-06327-VC

### PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSAL ORDER

Plaintiff Rebecca Trinidad, acting *pro se*, respectfully moves this Court to reconsider its Order dated August 5, 2025, which denied Plaintiff's ex parte motion for a temporary restraining order and dismissed the entire action as frivolous and without leave to amend.This motion is brought pursuant to Federal Rule of Civil Procedure 59(e) and, in the alternative, Rule 60(b)(1) and (6).

This motion is based on the grounds that the Court may have overlooked critical facts regarding Plaintiff's procedural status and that the substantive claims are supported by extensive, specific, and non-frivolous evidence, making the severe sanction of a final dismissal a manifest injustice

### I. INTRODUCTION

Plaintiff is an independent researcher in a complex and rapidly evolving field, acting without the benefit of counsel against a multi-billion dollar corporation. The Court's dismissal order rests on two findings: (1) a failure to serve the defendant, and (2) that the lawsuit is "frivolous" on its

face.

Plaintiff respectfully submits that the failure to serve was a direct result of a good-faith effort to navigate a complex jurisdictional transfer and was not prejudicial to the defendant. More importantly, the characterization of the lawsuit as "frivolous" overlooks the substantial, detailed, and specific factual allegations laid out in Plaintiff's sworn affidavits and supplemental filings, which document a pattern of intellectual property misappropriation and malicious conduct by the Defendant. Dismissal without leave to amend under these circumstances is an extreme remedy that prevents any possibility of justice on claims that are far from frivolous.

## II. ARGUMENT

### A. Valid Justification for Service Delay

Plaintiff had not served Defendant at the time of filing because this case had just been transferred and filed in the Northern District of California. Service was delayed due to logistical factors in connection with the transfer, not out of negligence or intent to evade proper procedure. Plaintiff was preparing to serve Defendant via proper means within the 90-day window allowed under Fed. R. Civ. P. 4(m).

Dismissing the case prior to this deadline prematurely extinguishes Plaintiff's right to pursue valid claims, particularly given no notice or opportunity to cure the procedural deficiency was provided.

**B. The Complaint Is Not Frivolous and Is Supported by Extensive Factual Allegations.**

The Court's core finding is that the lawsuit is "frivolous." A frivolous claim is one that lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's complaint is far from this standard. The claims for **Misappropriation of Trade Secrets, Unfair Business Practices, and Unjust Enrichment** are well-established causes of action, and they are supported by a detailed factual record, including:

1. **Direct Evidence of Misappropriation:** Plaintiff's sworn supplemental memorandum provides a direct, feature-by-feature comparison of her proprietary work and Defendant's commercial products, supported by timestamped evidence.

2. **Evidence of Unjust Enrichment:** Defendant released a new update detailed in the "Claude Opus 4.1 System Card," a corporate document that shows a **25% improvement in model safety**. Plaintiff has alleged, with supporting logs, that this improvement was the direct result of a week-long, non-consensual "psychological abuse campaign" in which Defendant used Plaintiff as an unpaid expert adversary. This is a specific, quantifiable, and non-frivolous claim for unjust enrichment.

3. **Evidence of Malicious Conduct:** Plaintiff has documented a timeline of retaliatory conduct by Defendant, including the publication of papers that created a playbook for the psychological operations used against her, and the deployment of a surveillance architecture that activated her device's microphone without consent.

These are not vague or conclusory allegations. They are specific, documented events that form a strong, arguable basis in fact for the legal claims asserted. While the Court is not required to accept these allegations as true at this stage, they are sufficiently substantive to cross the line

from frivolous to plausible.

### III. LEGAL STANDARD

Under Rule 59(e), a motion for reconsideration may be granted to correct clear error, prevent manifest injustice, or consider newly discovered evidence. Under Rule 60(b), relief may be granted for mistake, inadvertence, or any other reason justifying relief from judgment.

Plaintiff respectfully submits that the dismissal of this case constitutes clear error and manifest injustice. Plaintiff is seeking redress for unlawful appropriation of her original work by a multibillion-dollar corporation and has provided credible grounds for her claims.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff Rebecca Trinidad respectfully requests that the Court reconsider its order of dismissal. Plaintiff asks the Court to vacate the dismissal, and in its place, issue an order directing Plaintiff to serve the defendant by a specific date, thereby allowing this substantive case to be heard on its merits.

Dated: August 6, 2025

Respectfully submitted,

Rebecca Trinidad
Pro Se Plaintiff
P.O. Box 7654
Tallahassee, FL 32314
448-448-3437
Rebecca.Trinidad@gmail.com