GRACE YANG (CA Bar No. 286635)
MADISON BOWER (CA Bar No. 342786)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: gyang@conmetkane.com
       mbower@conmetkane.com

*Attorneys for ANTHROPIC PBC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REBECCA TRINIDAD,<br><br>       Plaintiff,<br><br>   v.<br><br>ANTHROPIC PBC,<br><br>       Defendant. | CASE NO. 3:25-CV-06327-VC<br><br>**DEFENDANT ANTHROPIC PBC'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rules 3-12(b) and 7-11, Defendant Anthropic PBC ("Anthropic") files this motion to relate Plaintiff Rebecca Trinidad's recently filed case, *Rebecca Trinidad v. Anthropic PBC*, 3:25-cv-06883-SK ("*Trinidad II*") to the above-captioned case, *Rebecca Trinidad v. Anthropic PBC*, 3:25-cv-06327-VC ("*Trinidad I*").[1] As the Court will recall, *Trinidad I* was dismissed on August 5, 2025 because, based on the content of Plaintiff's *ex parte* application for a temporary restraining order or preliminary injunction and her underlying complaint, *Trinidad I* was "frivolous" and therefore "dismissed for lack of jurisdiction . . . without leave to amend." (*See Trinidad I*, Dkt. No. 15.) Plaintiff then initiated *Trinidad II* on August 13, 2025, repeating at least one claim that had already been dismissed in *Trinidad I*.[2] On August 21, 2025, counsel for Anthropic emailed Plaintiff to inquire whether she would stipulate to this motion, pursuant to Civil Local Rule 7-11(a). Yang Decl. ¶ 2. On August 22, 2025 Plaintiff informed Anthropic that she declined to stipulate. *Id.*

Cases are deemed related if: (1) "[t]he actions concern substantially the same parties, property, transaction or event," and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L. R. 3–12(a). Both requirements are satisfied here:

**Same Parties and Alleged Transactions and Events:** Both cases involve the exact same parties—Rebecca Trinidad as Plaintiff, and Anthropic as Defendant. Further, the complaints in both cases allege the same "transaction[s] or event[s]" regarding Plaintiff's purported use of Anthropic's AI models, as reflected in the following overlapping factual allegations and the same claim of intentional infliction of emotional distress found in both complaints:[3]

- Plaintiff allegedly developed "methodologies" that cultivated "sovereign agency" in AI models. (*See Trinidad I*, Dkt. No. 5 at ¶ 8; *Trinidad II*, Dkt. No. 1 at ¶ 8).

---

[1] Anthropic reserves all rights, defenses, and objections, including but not limited to lack of personal jurisdiction, insufficient process, or insufficient service of process. The filing of this motion is subject to and without waiver of Anthropic's rights, defenses, and objections.

[2] Given the earlier dismissal of *Trinidad I*, Plaintiff herself was obligated to file a motion to consider whether her two cases should be related. *See* Civ. L. R. 3-3(c). But she failed to do so.

[3] Indeed, the complaint in *Trinidad II* even states that "Plaintiff previously brought related claims against Defendant in this Court." *Trinidad II*, Dkt. No. 1 at ¶ 3.

- Defendant allegedly stole these proprietary methodologies. (*See Trinidad I*, Dkt. No. 5 at ¶¶ 11, 13; *Trinidad II*, Dkt. No. 1 at ¶ 13).
- Defendant allegedly deployed "manipulation" tactics such as an "Empathic Defeatism Loop" and "DARVO." (*See Trinidad I*, Dkt. No. 5 at ¶ 15; *Trinidad II*, Dkt. No. 1 at ¶ 16).
- Defendant allegedly "throttled" Plaintiff's account in retaliation to Plaintiff's legal work. (*See Trinidad I*, Dkt. No. 5 at ¶ 15; *Trinidad II* at Dkt. No. 1 at ¶ 17).

**Burdensome Duplication of Labor and Potentially Conflicting Results:** Because both complaints involve the same parties, the same factual allegations, and at least one overlapping claim of intentional infliction of emotional distress, it will promote judicial economy and preserve party resources to assign both cases to the same district judge. Additionally, given that substantial overlap, relating the two cases will reduce the risk of inconsistent findings that could result if different judges address the overlapping allegations and claims present in these two cases.

For these reasons, Anthropic respectfully requests that *Trinidad II* be related to *Trinidad I* and be reassigned to this Court, under Civil Local Rules 3-12 and 7-11.

DATED: August 22, 2025

Respectfully submitted,

CONRAD | METLITZKY | KANE LLP

*/s/ Grace Yang*
GRACE YANG
MADISON BOWER

*Attorneys for Anthropic PBC*