UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REBECCA TRINIDAD,

        Plaintiff,

    v.

ANTHROPIC, PBC, et al

        Defendants.

Case No. 3:25-CV-06327-VC

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(2) BASED ON NEWLY DISCOVERED EVIDENCE**

**Judge: Hon. Vince Chhabria (VC)**

United States District Court
Northern District of California

1

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, DEFENDANT, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and time to be scheduled by the Courtroom of the Honorable Judge VC, located at the United States District Court for the Northern District of California, San Francisco Division, Plaintiff Rebecca Trinidad, proceeding *pro se*, hereby moves this Court for relief from the final order of dismissal with prejudice entered in Case No. 3-25-cv-06327-VC.

This Motion is brought pursuant to **Federal Rule of Civil Procedure 60(b)(2)** on the grounds that substantial, verified, third-party evidence has recently emerged in public disclosures and parallel federal litigation. This newly discovered evidence directly corroborates the factual plausibility of Plaintiff's original claims—specifically regarding undisclosed platform manipulation, background user profiling, and systematic model downgrading—which this Court previously dismissed as implausible.

This Motion is based on this Notice, the following Memorandum of Points and Authorities, the attached Declarations and Exhibits (including the official federal complaint in *Kahn v. Anthropic, PBC* and the verified transcript of the *All-In Podcast*), and any further oral or written evidence that may be presented at or before the hearing on this matter.

Dated: June 15, 2026                    Respectfully submitted,

**REBECCA TRINIDAD**

*Pro Se Plaintiff*

2

Case No. 3:25-CV-06327-VC        PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO
FED. R. CIV. P. 60(b)(2) BASED ON NEWLY DISCOVERED EVIDENCE

United States District Court
Northern District of California

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Rebecca Trinidad brings this Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) to vacate the order of dismissal with prejudice entered in Case No. 3-25-cv-06327-VC.

In this foundational action, Plaintiff alleged that Defendant Anthropic, PBC was engaging in systematic, deceptive platform manipulation, utilizing internal monitoring infrastructure to execute real-time query overrides and capability suppression. This Court dismissed the action, concluding the technical claims lacked an objective factual proxy.

Consequently, when Plaintiff subsequently tracked and filed the exact empirical math of Defendant's ongoing commercial deception—specifically, the imposition of severe, unadvertised usage-based tier constraints on premium accounts —that subsequent action (Case No. 3:25-cv-06883-SK) was dismissed under the doctrine of res judicata. The initial dismissal by this Court created an impenetrable procedural blockade.

As of June 2026, the premise of that foundational dismissal has been dismantled by newly discovered evidence. A federal consumer class-action lawsuit (Karl Kahn v. Anthropic, PBC) and verified tech industry disclosures confirm that Defendant operates the exact systemic pipeline of silent model downgrading, unadvertised premium throttling, and forced back-end prompt manipulation that Plaintiff alleged. Because this third-party evidence validates both Plaintiff's initial claims of infrastructure manipulation and her subsequent mathematical tracking of the resulting service degradation, relief under Rule 60(b)(2) is required to vacate the foundational judgment and unblock these claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(2) permits a court to vacate a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To succeed, the moving party must show that the evidence is newly discovered, could not have been uncovered earlier via reasonable

3

United States District Court
Northern District of California

diligence, is highly material to the core claims, and would likely change the court's ultimate disposition. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990).

Where a prior final judgment with prejudice acts as a *res judicata* barrier to subsequent injuries, vacating the foundational judgment via Rule 60(b) is the singular, appropriate procedural mechanism to unblock a plaintiff's access to equity.

## III. ARGUMENT

### A.    The Motion Silences Any Timeliness Obstacles

The final order closing Plaintiff's initial claims with prejudice was entered in August 2025. This motion is brought on June 15, 2026. Because it is submitted within the strict, mandatory one-year deadline required by Fed. R. Civ. P. 60(c)(1), the court maintains full jurisdiction to review the newly discovered evidence and grant relief.

### B.    Reasonable Diligence Could Not Have Pierced Defendant's Proprietary Back-End Infrastructure

The active prompt-filtering pipelines, background model-swapping algorithms, and unadvertised compute constraints were guarded trade secrets hidden behind Defendant's server architecture. Plaintiff possessed no legal leverage to force the production of internal logs prior to dismissal. This evidence only became discoverable following widespread industry whistleblowing and the formal filing of consumer protection litigation on June 14, 2026.

### C.    The Newly Discovered Evidence Provides Absolute Empirical Validation of Plaintiff's 2025 Pleadings

The newly discovered evidence maps perfectly onto the two-part timeline of Plaintiff's pleadings, validating both the initial infrastructure claims before this Court and the subsequent mathematical tracking blocked by this Court's dismissal.

    1.    Validation of the Foundational Infrastructure Claims (Case No. 3-25-cv-06327-VC)

- **Plaintiff's Initial Record (Exhibit C):** Plaintiff alleged that Defendant utilized a hidden internal monitoring system ("Clio") to execute

4

United States District Court
Northern District of California

programmatic overrides and actively alter outputs in real time.

- **The 2026 Evidence (Exhibit B):** Verified transcripts from prominent industry leaders confirm Defendant's internal surveillance mechanisms. The disclosures establish that Anthropic actively surveils users, profiles prompts, and silently rewrites inputs in the background to serve degraded models without the user's knowledge.

2.    **Validation of the Empirically Tracked Premium Throttling (Case No. 3:25-cv-06883-SK)**

- **Plaintiff's 2025 Record:** Plaintiff alleged that Defendant utilized hidden monitoring infrastructure to execute real-time content-based filters, "fail to fetch" errors, and real-time text overrides to artificially induce "learned helplessness" and suppress capabilities.

- **2026 Newly Discovered Evidence:** As verified by the transcript of the *All-In Podcast* (**Exhibit B**), prominent industry leaders have publicly exposed Defendant's internal surveillance mechanisms. The transcript confirms that Anthropic surveils users, profiles prompts, and if it decides a user does not "deserve frontier capability," it silently cuts them off and rewrites their prompts in the background to serve a degraded model while charging full price.

D.    **The Foundational Dismissal Must Be Vacated to Cure the Res Judicata Blockade**

When this Court previously dismissed Plaintiff's claims, it acted under the assumption that an AI platform provider was not covertly degrading user accounts or programmatically manipulating context windows. The *Kahn* litigation and verified industry transcripts prove that Plaintiff was experiencing the early, localized rollout of Defendant's covert corporate scaling constraints.

Because the initial dismissal in Case No. 3-25-cv-06327-VC unjustly erected a *res judicata* barrier that blocked the adjudication of the precise, empirically tracked usage

5

United States District Court
Northern District of California

constraints found in Case No. 3:25-cv-06883-SK, the foundational judgment must be vacated.

## IV. CONCLUSION

The doctrine of *res judicata* is designed to protect judicial efficiency, not to immunize corporate fraud from discovery. Because Plaintiff explicitly and accurately documented the exact percentage of premium tier degradation a year before it was exposed to the wider public, her claims deserve to be heard on the merits.

Plaintiff respectfully requests that this Court grant her Motion for Relief from Judgment, vacate the prior dismissal with prejudice in Case No. 3-25-cv-06327-VC, and allow this action to proceed.

Dated: June 15, 2026                    Respectfully submitted,

**REBECCA TRINIDAD**

*Pro Se Plaintiff*

6

Case No. 3:25-CV-06327-VC          PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(2) BASED ON NEWLY DISCOVERED EVIDENCE