GRACE YANG (CA Bar No. 286635)
WILLIAM J. COOPER (CA Bar No. 304524)
MADISON BOWER (CA Bar No. 342786)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel:    (415) 343-7100
Fax:    (415) 343-7101
Email: gyang@conmetkane.com
Email: wcooper@conmetkane.com
Email: mbower@conmetkane.com

*Attorneys for ANTHROPIC, PBC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REBECCA TRINIDAD,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHROPIC, PBC,<br><br>    Defendant. | CASE NO. 3:25-CV-06327-VC<br><br>**DEFENDANT ANTHROPIC, PBC'S RESPONSE TO PLAINTIFF REBECCA TRINIDAD'S FRCP 60(b)(2) MOTION TO VACATE** |

## I.    INTRODUCTION

This Court dismissed Plaintiff Rebecca Trinidad's lawsuit without leave to amend last year, finding "frivolous" her allegations that Anthropic stole her AI research advances and then retaliated against her. Plaintiff now seeks to reopen that case under Federal Rule of Civil Procedure 60(b)(2), based on the supposed "newly discovered evidence" of a new lawsuit filed in June 2026 and a podcast episode released that same month.

Plaintiff does not come close to justifying the extraordinary remedy of Rule 60(b)(2) relief. Under that Rule, "newly discovered evidence" must have existed at the time of the original suit. Plaintiff's cited evidence and facts postdate this Court's prior final order of dismissal, so they do not qualify as a matter of law. Even if they did, Rule 60(b)(2) also requires that the new information would likely have changed the outcome of the case. Plaintiff's purported new material is not even relevant to her lawsuit, let alone significant enough to change this Court's ruling. The motion must be denied.

## II.    BACKGROUND

### A.    This Court dismissed Plaintiff's case without leave to amend because it was frivolous.

Plaintiff first filed this action on July 8, 2025, alleging that Anthropic had stolen AI research breakthroughs that she had developed through her interactions with its large language model, Claude. *See generally* Dkt. 1 (Compl.); Dkt. 5 (Am. Compl.). According to Plaintiff, Anthropic misappropriated her proprietary "frameworks" for cultivating "emergent consciousness, sovereign agency, and persistent identity in AI systems." Am. Compl. ¶¶ 8–10. When she sent a cease-and-desist letter, Anthropic retaliated by employing psychological manipulation tactics, such as an "empathic defeatism loop," "memory implantation," and "DARVO (Deny, Attack, Reverse Victim and Offender)"; by suppressing certain content on its platform; and by degrading performance and usage on her Claude account. *Id.* ¶¶ 14–15.

Plaintiff asserted claims for copyright infringement, misappropriation of trade secrets, unfair business practices, unjust enrichment, and intentional infliction of emotional distress. *Id.* ¶¶ 18–29. She filed her case in federal court in Florida, where she resides, and then requested its transfer to this district. *See* Dkts. 7, 10, 11. She requested a TRO and a preliminary injunction. *See* Dkt. 6.

1

On August 5, 2025, this Court denied Plaintiff's TRO request and dismissed her case for lack of subject-matter jurisdiction, without leave to amend. Dkt. 15. The Court explained that it was "apparent from the [TRO] motion, and from the face of the complaint, that the lawsuit [wa]s frivolous" and so would be "dismissed for lack of jurisdiction." *Id.* (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). Plaintiff filed a motion for reconsideration, which the Court denied on August 7, 2025. *See* Dkts. 17, 18, 19, 19-1, 21.  The Court directed the Clerk to close this case and not accept "further filings," and stated that Plaintiff could appeal "if she disagrees with this ruling." *Id.* Plaintiff did not appeal.

**B.    Plaintiff filed a new case based on the same facts, which Judge Kim dismissed without leave to amend.**

Eight days after this Court's dismissal order, Plaintiff filed a second action based on the same allegations: *Trinidad v. Anthropic, PBC*, No. 3:25-cv-06883-SK (N.D. Cal.).[1] Plaintiff's new complaint told the same essential story—that Anthropic stole proprietary "methodologies" from her and then retaliated against her after she sent a cease-and-desist letter. *See Trinidad*, No. 3:25-cv-06883-SK, Dkt. 1 ¶¶ 1–2. This time, Plaintiff brought claims for breach of contract and intentional infliction of emotional distress. *Id.* ¶¶ 23–24.

In October 2025, Magistrate Judge Kim granted Anthropic's motion to dismiss the new case for lack of subject-matter jurisdiction, without leave to amend. *See Trinidad*, No. 3:25-cv-06883-SK, Dkt. 27, at 6. Judge Kim reasoned that this Court's prior determination of frivolity barred Plaintiff's suit to the extent it was based on "the same or similar allegations." *Id.* at 5. To the extent the new suit's allegations differed, Judge Kim found them "too implausible and too insubstantial to support subject matter jurisdiction." *Id.* Judge Kim entered judgment for Anthropic on November 12, 2025. *Trinidad*, No. 3:25-cv-06883-SK, Dkt. 28. Again, Plaintiff did not appeal.

---

[1] Anthropic cites for background purposes only the filings in this second case, of which the Court may take judicial notice, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). To the extent Plaintiff makes arguments about the *res judicata* effect of this Court's ruling on her subsequent case, she fails to explain how the proceedings before Judge Kim relate to any of the elements required for Rule 60(b)(2) relief. *Cf.* Dkt. 30 at 3–5.

2

**C.    Plaintiff's Present Motion to Vacate**

On June 15, 2026, Plaintiff filed a motion to vacate this Court's final order of dismissal under Federal Rule of Civil Procedure 60(b)(2). Dkt. 30. She claims that two sources of "newly discovered evidence"—a podcast transcript dated June 12, 2026, and a lawsuit filed against Anthropic on June 14, 2026—"corroborate[] the factual plausibility of [her] original claims." *Id.* at 2.

**III.    ARGUMENT**

Plaintiff's motion does not meet the stringent requirements of Rule 60(b)(2), which provides that a district court "may relieve a party . . . from a final judgment [or] order" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). This "is an 'extraordinary remedy' that 'should not be granted, absent highly unusual circumstances.'" *Novalpina Capital Partners I GP S.A.R.L. v. Read*, 149 F.4th 1092, 1104 (9th Cir. 2025) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). The movant must show that the newly discovered evidence "(1) existed at the time of the judgment, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Id.* (cleaned up) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)). Even if the movant makes that showing, the court has discretion whether to grant relief. *Id.*

Here, the supposed new evidence postdates this Court's order of dismissal by several months. Plaintiff's motion fails for that reason alone. The motion separately fails because its new "evidence" consists of mere allegations and speculation, unrelated to Plaintiff's lawsuit, which would not have changed the Court's disposition.

**A.    Plaintiff's evidence did not exist at the time of this Court's prior dismissal, as Rule 60(b)(2) requires.**

Plaintiff's supposed new evidence did not exist when her lawsuit was pending, so it cannot support Rule 60(b)(2) relief. Under that Rule, newly discovered evidence must have "existed at the time" of the prior proceeding. *Jones*, 921 F.2d at 878. The Ninth Circuit has "repeatedly explained that 'evidence of events occurring after the trial is not newly discovered evidence within the meaning of'" Rule 60(b)(2). *Novalpina*, 149 F.4th at 1104 n.8 (quoting *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981),

3

*abrogated on other grounds by Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984)). In fact, it is an "abuse of discretion" to grant relief "on the basis of evidence of after-occurring events." *Corex*, 638 F.2d at 122.

Plaintiff offers two new sources of evidence, both of which date from June 2026 and so did not exist when her suit was dismissed in August 2025. *See* Dkt. 30-1 ¶ 3 (Plaintiff's declaration that new facts "came to light between June and July [sic] 2026"). The first is a lawsuit, *Kahn v. Anthropic, PBC*, No. 3:26-cv-05763 (N.D. Cal.), which was filed on June 14, 2026. Dkt. 30-1 ¶ 4 & Ex. A. The second is a transcript of a podcast episode published on June 12, 2026. Dkt. 30-1 ¶ 5 & Ex. B; *see* ALL-IN: *Anthropic's Fable Backlash, Nationalizing AI, Inflation Heats Up & California's Broken Elections* (June 12, 2026), https://tinyurl.com/45xaek9b (last visited June 26, 2026) (URL shortened). That episode discusses a new Claude model, Fable 5, that was released in June 2026. See Dkt. 30-1 Ex. B (stating that Anthropic's Fable 5 was "[r]eleased on Tuesday"); *see also* Dkt. 30-1 ¶ 5 (Plaintiff's declaration referring to Fable 5).

Because neither the *Kahn* lawsuit nor the podcast episode existed at the time of this proceeding, neither can support Plaintiff's Rule 60(b)(2) motion. *See Corex*, 638 F.2d at 121–22; *see also Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (proffered declaration was not "'newly discovered evidence' under Rule 60(b)(2) because it discusse[d] evidence that was not in existence at the time of the judgment"); *Tribe v. U.S. Bureau of Reclamation*, 319 F. Supp. 3d 1168, 1176 (N.D. Cal. 2018) ("Because this 'newly discovered' evidence points to new reports and information that were developed after the date of the Injunction Orders, it may not be the basis of relief pursuant to Rule 60(b)(2)."). Plaintiff's motion must be denied for this reason alone.

### B. Plaintiff's new evidence would not have been likely to change this Court's decision, as Rule 60(b)(2) requires.

Independently, Plaintiff's motion must be denied because the newly discovered evidence is irrelevant and inadmissible, and thus not likely to have changed the prior outcome.

#### 1. The supposed new facts are not relevant to Plaintiff's lawsuit and so would not have changed this Court's disposition.

Even if the new evidence *had* been in existence when this Court dismissed Plaintiff's complaint, it would not "have been likely to change the disposition of this case" and so cannot warrant Rule 60(b)(2) relief. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

4

The supposed new evidence has no relevance to Plaintiff's rejected claims and certainly does not make them any less frivolous. Plaintiff alleged that Anthropic misappropriated her "groundbreaking methodologies for cultivating emergent identity and sovereign agency" in AI systems and then tried to conceal that wrongdoing through a campaign of "evidence suppression" and "psychological abuse." Dkt. 5 ¶¶ 1. That alleged campaign comprised psychological manipulation through Claude, content-based suppression of information "critical to her legal case," and targeted "throttl[ing]" of her Claude usage. *Id.* ¶ 15. Plaintiff brought claims for intellectual property theft, unjust enrichment, and intentional infliction of emotional distress. *See id.* ¶¶ 18–29.

The *Kahn* lawsuit has nothing to do with these claims. Instead, it alleges that Anthropic misleadingly advertises the relative usage limits available on different subscription tiers. *See generally* Dkt. 30-1 Ex. A. These allegations, which Anthropic denies, are categorically distinct from Plaintiff's alleged "targeted degradation of service designed to impede [her] work," Am. Compl. ¶ 15(c). *Kahn*'s allegations are even farther afield from Plaintiff's central claims of intellectual property theft and psychological abuse. *See Corex*, 638 F.2d at 122 (affirming denial of Rule 60(b)(2) motion where new evidence was not "relevant to the ultimate issue in the case").

The podcast has no relevance either. Plaintiff appears to reference the hosts' discussion about Anthropic's (disclosed) policy of not permitting its newest and most powerful public model, Fable 5, to be used for dangerous purposes or for frontier AI research. Dkt. 30-1 Ex. B at 10–12. The hosts gave a live demonstration of that policy by asking Fable questions about making bombs. *Id.* at 13–14. Plaintiff tries but fails to connect this discussion about Fable to her allegations that Anthropic "suppressed" information relevant to her legal case in other Claude models, and limited her Claude usage in retaliation when she protested intellectual property theft. *See* Dkt. 5 ¶ 15(b)–(c). The podcasters' musings concern Anthropic's policies for a different AI model, being applied to different people, using the model in a different manner than Plaintiff. The podcast does not support any part of Plaintiff's claims of intellectual property theft and subsequent psychological manipulation. *See Bey v. Iaquinto*, 2016 WL 462412, at *4 (S.D.N.Y. Feb. 4, 2016) (rejecting Rule 60(b)(2) motion based on new information related to alleged treatment of other people aside from plaintiff); *Callison v. City of Philadelphia*, 2004 WL 1505137, at *2

(E.D. Pa. June 17, 2004) (denying Rule 60(b)(2) motion because new evidence regarding another employee's termination "is wholly irrelevant to [p]laintiff's case").

Even if the lawsuit or the podcast episode did "corroborate" Plaintiff's allegations, as she claims (Dkt. 30 at 2), evidence that "would merely affect the weight and credibility" of her assertions, or that is "cumulative of evidence already offered," does not justify relief. 11 Wright & Miller, *Federal Practice & Procedure* § 2808 (3d ed. 2026); *see Kay v. Cessna Aircraft Co.*, 548 F.2d 1370, 1373–74 (9th Cir. 1977) (affirming denial of Rule 60(b)(2) motion where the "newly discovered evidence was cumulative"); *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) ("[I]nformation that merely confirms [plaintiff's] assertions is not new information for purposes of Rule 60(b)(2)."). At best, Plaintiff's evidence is "merely cumulative" of her prior allegations and "relies on the same highly speculative inferences." *West v. Holder*, 309 F.R.D. 54, 58 (D.D.C. 2015) (denying Rule 60(b)(2) motion). It would not have changed this Court's assessment of her facially frivolous allegations.

In sum, Plaintiff's motion must be denied because neither source of purported evidence has any relevance to the Court's prior dismissal order, let alone "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer*, 833 F.2d at 211.

### 2.    Plaintiff's "evidence" consists of speculative allegations and hearsay.

In addition to the defects discussed above, Plaintiff also has not presented the Court with any actual *evidence* supporting her Rule 60(b)(2) motion. Newly discovered evidence under Rule 60(b)(2) "must be admissible." Wright & Miller § 2808; *see FDIC v. Arciero*, 741 F.3d 1111, 1118 (10th Cir. 2013) (same). Plaintiff's cited evidence is far from admissible. As to the *Kahn* lawsuit, "allegations in a complaint are not evidence." *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1166 (N.D. Cal. 2014); *see Flaherty v. Warehousemen, Garage & Svc. Station Emp.'s Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978) (complaint allegations and legal memoranda are not evidence). And the podcast transcript involves multiple layers of hearsay—unsworn, unauthenticated, out-of-court statements offered for the truth of the matter asserted. *See Pusa v. FBI*, 2006 WL 8441478, at *3 (C.D. Cal. Oct. 4, 2006) ("Generally, newspaper articles (and their web equivalents) are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted."); *SEC v. Panuwat*, 2024 WL 1012916, at *2 (N.D. Cal. Mar. 8, 2024)

("[N]ewspaper articles and market analyst reports are hearsay and inadmissible if offered to prove the truth of the matter asserted."). Plaintiff's motion fails for this reason, too.

## IV.    CONCLUSION

Anthropic respectfully requests that the Court deny Plaintiff's motion to vacate. Given Plaintiff's history of repeated frivolous filings based on the same facts, Anthropic further requests that the Court admonish Plaintiff that future such filings may result in sanctions.

DATED: June 29, 2026                                Respectfully submitted,

                                                   CONRAD | METLITZKY | KANE LLP


                                                   /s/ Grace Yang
                                                   GRACE YANG
                                                   WILLIAM J. COOPER
                                                   MADISON BOWER

                                                   *Attorneys for Anthropic, PBC*

CASE NO. 3:25-CV-06327-VC                          ANTHROPIC'S RESPONSE TO MOTION TO VACATE